# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 12, 2020

Lyle W. Cayce
Clerk

No. 20-10126
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

L. J. BRITT, *also known as* CAPONE

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:00-CR-260-15

Before STEWART, GRAVES, and HIGGINSON, *Circuit Judges*.

PER CURIAM:*

L. J. Britt, federal prisoner # 22222-009, has applied for leave to proceed in forma pauperis (IFP) in this appeal from the denial of his motion under 18 U.S.C. § 3582(c)(2) for a sentence reduction in light of Amendment 782 to the Sentencing Guidelines. By moving to proceed IFP in this court,

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-10126

Britt challenges the district court's denial of his motion for leave to proceed IFP on appeal. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). To proceed IFP, Britt must demonstrate financial eligibility and a nonfrivolous issue for appeal. *See Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982). In determining whether a nonfrivolous issue exists, this court's inquiry "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).

A district court may modify a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(2). If the defendant is eligible for a reduction, the district court then considers whether in its discretion a reduction is warranted in consideration of any applicable 18 U.S.C. § 3553(a) factors. *Dillon v. United States*, 560 U.S. 817, 826 (2010). Here, Britt is not eligible for the sentence reduction that he argues is applicable under Amendment 782 to counts 1 and 2 of his conviction because the amendment did not have the effect of lowering his applicable guidelines range for either count. *See* U.S.S.G. § 1B1.10(a)(2)(B).

Britt also argues for the first time on appeal that the district court erred in allowing him to be convicted in count 2 under both 21 U.S.C. § 846 and 21 U.S.C. § 848 because § 846 constituted a lesser-included offense. However, even if we were to consider it for the first time, that claim is outside the scope of relief available under § 3582(c)(2).

Because Britt has not presented a nonfrivolous issue for review, his request for leave to proceed IFP is DENIED. The appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.